IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JASPER RIVERA,            :
                               :
           Plaintiff,        :       Case No.  3:12- CV-1339
                               :
       v.                 :       (Kosik, J.)
                               :       (Carlson, M.J.)
UNITED STATES OF AMERICA,   :
                               :
           Defendant.      :

**PLAINTIFF'S BRIEF IN SUPPORT OF
<u>MOTION TO STRIKE REPLY BRIEF</u>**

Plaintiff, Jasper Rivera, pursuant to Local Rule 7.5, files this Brief in

Support of his Motion to Strike Reply Brief in Support of the United States'

Motion [for] Summary Judgment, stating as follows:

## I.  <u>INTRODUCTION</u>

Mr. Rivera filed this action under the Federal Tort Claims Act (FTCA) after

Defendant the United States declined to compensate him for injuries sustained in a

brutal stabbing at USP Lewisburg.  Defendant moved for summary judgment.  Mr.

Rivera opposed by filing a brief and a counter statement of material facts.

Defendant now blatantly misrepresents Mr. Rivera's statements in a Reply Brief.

The Reply Brief, so styled, is an improper pleading, and it should be stricken from

the Record to eliminate the danger of misleading the Court.

II. <u>STATEMENT OF THE CASE</u>

Mr. Rivera was stabbed at USP Lewisburg on or about June 4, 2010.  He

submitted a claim for compensation, which was denied on January 13, 2012.  Mr.

Rivera filed this action on July 11, 2012.  Defendant the United States moved for

summary judgment on October 24, 2012.  (ECF No. 16.)  Mr. Rivera filed a Brief

in Opposition and a Counter Statement of Facts on February 8, 2013.  (ECF Nos.

37, 38.)  Defendant filed a Reply Brief on March 8, 2013.  (ECF No. 43.)  Counsel

for Mr. Rivera saw a number of misstatements and irregularities in the

government's Reply Brief.  She contacted opposing counsel, Assistant U.S.

Attorney Justin Blewitt, and asked him to correct the errors.[1]  Mr. Blewitt declined.

---

1.  On Tuesday morning, March 12, undersigned counsel left voicemail for
Mr. Blewitt requesting a call back about some twenty blacked-out pages in the
exhibits attached to the Reply Brief.  Mr. Blewitt did not return the call.  Later that
day, counsel sent Mr. Blewitt email indicating further problems in the Reply Brief.
The email requested a phone conference in lieu of drafting a motion to strike.
(Email is attached.)  Later that same afternoon, March 12, Mr. Blewitt phoned
back.  He declined to discuss the misstatements without first seeing them set forth
in writing.  Counsel promised to immediately draft a motion with a detailed
account of the misstatements.  On Wednesday morning, March 13, counsel
emailed the draft to Mr. Blewitt.  About 2 p.m. the same day, Mr. Blewitt phoned
to request more time to consider the draft.  The parties agreed to speak again on
Friday.  This is reflected in a letter to the Court.  (ECF No. 46.)  On Friday
morning, March 15, counsel emailed Mr. Blewitt and asked to know at what time
to expect his phone call.  (Email is attached.)  Later the same day, Mr. Blewitt
phoned to say that he had reviewed the allegations of misstatements in the draft,
but he would not withdraw or revise the Reply Brief without further negotiation.

Plaintiff moved to strike the Reply Brief on March 15, 2013.[2]

## III.  ARGUMENT

Defendant's Reply Brief misrepresents the facts of record, applicable case law, and pleadings.  The misstatements of fact and law in the Reply Brief address central issues, and they are so numerous as to pose a risk of misleading the Court. Moreover, the Reply Brief is immaterial and impertinent at this stage of the litigation.  Although it erroneously assures the Court that no disputes of material fact remain, urging summary judgment on that basis, the Reply Brief actually asks the Court to weigh conflicting evidence and to prematurely decide the very factual disputes whose persistence precludes summary judgment.  Thus, the Reply Brief is an improper pleading and should be stricken under Fed. R. Civ. Pro. 12(f)(2).

**A.      The Reply Brief misstates the factual record.**

One of the central issues in this case is whether prison personnel knew that Mr. Rivera needed to be separated from the individual who stabbed him because of

---

2.  Counsel then notified Mr. Blewitt on March 18, 2013, that she intended to move for sanctions if he did not correct the Reply Brief.  (Email is attached.)  He did not respond.  Counsel served Mr. Blewitt with a Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c) on March 19, 2013.  The Motion for Sanctions will be filed on April 9, 2013, unless the Reply Brief is withdrawn during the "safe harbor" period provided by the Federal Rules of Civil Procedure.

gang-related animosity.  The Reply Brief erroneously states:  "It is undisputed"
that Plaintiff  "has never requested to be separated" from the inmate who stabbed
him.  (Br. at 4.)  On the contrary, in the very place cited by the Reply Brief, Mr.
Rivera plainly states that he requested such a separation.  (Pl.'s Counter Statement
of Facts ¶ 15, ECF No. 37, replaced by No. 40.)  The Reply Brief improperly
implies that its erroneous statement finds support in Plaintiff's own fact statement.
The opposite is true.  The Reply Brief wrongly depicts Mr. Rivera as agreeing with
an assertion that he denies.

    The same misstatement appears again:  "By Rivera's own admission, he
never requested that he be separated from [the inmate who stabbed him]."  (Br. at
12.)  This is blatantly false.  As before, the citation supporting this misstatement
implies, wrongly, that Mr. Rivera agrees with it.  Actually, he states precisely the
opposite, both at the place cited by Defendant and elsewhere.

    These blatant misrepresentations of Mr. Rivera's declaration concerning a
central issue in this controversy should not have been submitted to the Court.  Yet
they were, and they should be stricken now.

### B.    The Reply Brief misstates applicable case law.

    Another central question in this case is whether the FTCA's discretionary
function exception applies.  Third Circuit jurisprudence on this question is

developing.  The Reply Brief misleads the Court by stating a rule that, were it valid, would preclude Mr. Rivera's claim on its face.  The Reply Brief asserts that Chief Judge Yvette Kane "concluded"  "that 'the discretionary function exception bars federal prisoners' FTCA claims regarding injuries by fellow inmates'."  (Br. at 19.)  But there is no such rule in the Third Circuit.  The Reply Brief misrepresents the import of Judge Kane's words by omitting the relevant procedural posture of the case in which those words appear.  (Br. at 19-20.)  In fact, the words cited are dicta, and the actual holding in Judge Kane's opinion was vacated by the Third Circuit.  *See* <u>Gray v. United States</u>, No. 1:10-1772, 2011 U.S. Dist. LEXIS 116780 (M.D. Pa. 2011) (Report and Recommendation of Magistrate Judge, "Gray I"), *adopted in part by* <u>Gray v. United States</u>, No. 1:10-cv-1772, 2011 U.S. Dist. LEXIS 112319 (M.D. Pa. 2011) ("Gray II"), *aff'd in part and vacated in part by* <u>Gray v. United States</u>, No. 11-3918, 486 Fed. App'x 976 (3d Cir. June 12, 2012) (nonprecedental) ("Gray III").  (Copies attached.)  Being injured by another prisoner is not a *per se* bar to recovery under the FTCA in current Third Circuit law.  The Reply Brief asserts the opposite only by camouflaging the procedural status of the authority it cites.

Moreover, the Reply Brief inaccurately asserts that a great number of cases are *binding* authority for this Court.  Specifically, it points to a "string of citations"

in its earlier brief as having such authority.  (Br. at 18.)  In fact, a closer look at

those cases reveals that *none* of them is binding precedent here:

| | |
|---|---|
| <u>Donaldson v. United States</u>,<br>281 F. App'x. 75 (3d Cir. 2008) | not precedental |
| <u>Rinaldi v. United States</u>, 2010<br>WL 4642498 (M.D. Pa. 2010),<br><u>aff'd</u>, 460 F. App'x 80 (3d Cir.<br>2012) | not precedental |
| <u>Castillo v. United States</u>, 166 F.<br>App'x. 587 (3d Cir. 2006) | not precedental |
| <u>Pratt v. United States</u>, 2012<br>U.S. Dist. LEXIS 132871<br>(M.D. Pa. 2012) | this Court can distinguish or overrule<br>(copy attached) |
| <u>Thrower v. United States</u>, 2012<br>U.S. Dist. LEXIS 120211<br>(M.D. Pa. 2010) | this Court can distinguish or overrule<br>(copy attached) |
| <u>Michtavi v. United States</u>, 2009<br>U.S. Dist. LEXIS 18926  (M.D.<br>Pa. 2009) | this Court can distinguish or overrule<br>(copy attached; not on point) |
| <u>Alfrey v. United States</u>, 276<br>F.3d 557 (9th Cir. 2002) | not binding in Third Circuit |
| <u>Dykstra v. Bureau of Prisons</u>,<br>140 F.3d 791 (8th Cir. 1998) | not binding in Third Circuit |
| <u>Calderon v. United States</u>, 123<br>F.3d 947 (7th Cir. 1997) | not binding in Third Circuit |

These are the cases in "the string of citations set forth on page 12 of" Defendant's Brief in Support of the United States' Motion Summary Judgment [sic] to which the Reply Brief refers on page 18.  While it is true that *some* federal courts have held that *some* "FTCA claims for injuries caused by other inmates are barred by the discretionary function exception," (Br. in Supp. at 12), it is *not* true that *all* such claims are precluded by *any* court, much less by any authority that binds this Court.  Yet Defendant has erroneously asserted – twice – that the cases in its "string of citations" require this Court to impose such a rule.

The Reply Brief goes on to inaccurately assert *binding* authority for another case recently decided in this district, <u>Anamanya v. Fed. Bureau of Prisons</u>, No. 3:11-CV-1394, 2013 U.S. Dist. LEXIS 21258 (M.D. Pa. January 13, 2013) ("Anamanya II") (copy attached).  (Br. at 18-19.)  This case is not mandatory authority, either; a federal court in this district is free to overrule the holding of an earlier court in the same district.  More importantly, <u>Anamanya II</u> has no application here at all.  It was decided solely on the basis of a procedural default. In <u>Anamanya II</u>, the court held that "[u]nder Local Rules 7.6, the motion to dismiss should be deemed unopposed and granted."  2013 U.S. Dist. LEXIS 21258 at *7. The Order dismissing the case mentions the FTCA only in dictum.  <u>Id.</u> at *10.  And that dictum relies entirely on two *nonprecedental* Third Circuit opinions,

7

Donaldson and Rinaldi.  Id.  See discussion supra.  The dictum echoes the

magistrate's recommendation, which cited only those nonprecedental cases and a

few others that depend on them.  Report and Recommendation, Anamanya v. Fed.

Bureau of Prisons, No. 3:11-CV-1394, 2012 U.S. Dist. LEXIS 186065, at *20-*21

(M.D. Pa. July 10, 2012) ("Anamanya I") (copy attached).  The binding authority

asserted by Defendant is just a house of cards.  Anamanya is not a binding

precedent, nor does it cite any.

Nothing requires this Court to bar an inmate's claim simply because his

injury was inflicted by another inmate.  The Reply Brief misrepresents numerous

cases – both as to their holdings, and as to their authority for this Court – so the

Reply Brief should be stricken.

### C.   The Reply Brief misstates Plaintiff's pleadings.

Further subverting any possible assistance it might have given the Court in

ruling on the Motion for Summary Judgment, the Reply Brief systematically

distorts arguments advanced against the Motion by Mr. Rivera.  Four examples

will suffice, although more could be shown.

First, the Reply Brief asserts:  "Rivera's counsel presumes [sic] that the BOP

failed to preserve the videotape of the incident."  (Br. at 10 n.1.)  On the contrary,

far from presuming, Plaintiff's Brief duly cites where the absence of the videotape

is plainly indicated in Defendants' own exhibits.   See Pl.'s Counter Statement of Facts ¶ 9, ECF No. 40, citing Def. Ex., ECF No. 27-1 at 15, where the following notation appears: "Was incident videotaped?  No."  This notation, in an exhibit filed by Defendant, eliminates the need for presumption.  Plaintiff is surely justified in relying on Defendant's exhibit to assert that no videotape exists. Defendant now states for the first time in the Reply Brief that the video is available after all.  (Br. at 10 n.1.)  This admission contradicts the notation in the exhibit filed earlier.  What "Rivera's counsel presume[d]" was only that Defendant had checked its exhibits for accuracy before filing them.

Second, the Reply Brief tries to put words in Plaintiff's mouth.  It refers to "Rivera's argument that § 524.72(f) and (d) and Program Statement 5217.01 make it mandatory for 'disruptive group' and 'separation' assignees to be separated." (Br. at 14.)  However, no such "argument" or assertion was made by Mr. Rivera. This is a "straw man" attempt to attack a position that Mr. Rivera never took. Defendant materially misrepresents Plaintiff's position.  The regulations in question, 28 C.F.R. § 524.72(d) and (f) and the Program Statement that implements it, are carefully set forth and analyzed in Plaintiff's Brief in Opposition at 8-9.  The Reply Brief improperly attempts to deflect the Court's attention away from that discussion.

Third, the Reply Brief inaccurately asserts that Plaintiff argued, "Officers

Lesho and Harvey . . . could have imposed a CIM classification upon Rivera." (Br.

at 15.)  On the contrary, no such argument or allegation is made at the place cited

by Defendant or anywhere else in Plaintiff's brief.  In fact, Mr. Rivera asserted that

Lesho and Harvey could, should, and *did* report his separation need to superiors,

and it was those superiors who had the obligation enter the information into the

CIM system.  (Pl.'s Br. in Opp'n at 9-10; Pl.'s Counter Statement of Facts ¶¶ 18-

26.)  The Reply Brief abuses the conventions of citation to lend credibility to its

misstatement, as if to merely summarize Mr. Rivera's argument, but that is a ruse

to conceal the distortion.  This abuse burdens the Court with having to check the

accuracy of every citation in the Reply Brief.

Fourth, in the same vein, Defendant would have the Court believe Mr.

Rivera argued that "Officers and Lesho and Harvey . . . failed to notify the

institution's Case Management Coordinator . . . 'of the need for such

reclassification'."  (Br. at 15.)  On the contrary, no such argument or allegation is

put forth by Mr. Rivera at the place cited or anywhere else.  Moreover, the internal

quotation is taken out of context to create a false impression.   In fact, Plaintiff

states that Lesho and Harvey notified their superiors of the separation need.  (Pl.'s

Counter Statement of Facts, ¶¶ 18-37.)  As before, the device of citing to Plaintiff's

10

brief lends credibility to the distortion, and the Court may not discover the

misrepresentation unless each citation is carefully checked.

### D.     **The Reply Brief prejudices Plaintiff and imposes an unjust burden.**

The misstatements in the Reply Brief touch upon facts, case law, and

arguments that are of central importance in this case.  The misstatements are so

weighty and numerous that they must be challenged so as to avert any prejudice to

Mr. Rivera.  Yet, to identify and document even a representative sample of the

misstatements in the Reply Brief consumes an inordinate amount of time.  This

work is uncompensated, inasmuch as the FTCA caps attorney's fees at twenty-five

percent of any award.   28 U.S.C. § 2678.  Mr. Rivera's award is limited to the

amount he first requested, $12,000.   (Compl. at 8, 10, ECF No. 1.)  Thus, by filing

a Reply Brief woven from misstatements, Defendant forces Mr. Rivera's counsel

to either work for free or fail in her duty to zealously represent her client's

interests.  This is an abuse.  The government should not be permitted to profit by a

practice that, if tolerated, will effectively discourage private counsel from taking

FTCA cases.  The Reply Brief should be stricken.

**E.** **The Reply Brief, so called, is a covert pleading that urges the Court improperly to weigh evidence.**

When a genuine dispute exists as to any material fact, Fed. R. Civ. P. 56(a) precludes summary judgment.  Given the present procedural posture of this case, the Reply Brief is immaterial and impertinent.  It improperly invites the Court to weigh the conflicting Record evidence, it obfuscates numerous statements of fact in the Record, and it purports to introduce new evidence without adequate support.

Exhibits submitted with the Reply Brief, and cited by it, contain eighteen (18) pages that have been completely blacked out and one more page that is two-thirds blacked out, comprising almost half of the exhibits' thirty-eight (38) pages in total.  In their present form, the blacked-out exhibits are immaterial and impertinent, because they cannot support the propositions for which they are cited.  Specifically, they do not show whether Officers Lesho and Harvey were working on the day Mr. Rivera was stabbed.  (Br. at 4-5.)  The entirely blacked-out pages waste both electronic storage space and toner when printed.  Moreover, any sensitive information could have been filed under seal for *in camera* review pursuant to Local Rule 5.8.  The parties previously cooperated to allow Plaintiff's counsel to review sensitive information filed under seal.  See ECF Nos. 24, 29, 34, 35.  The same procedure would have been appropriate here.  Thus, the blacked-out

exhibits needlessly deprive the Court and Plaintiff's counsel of access to allegedly pertinent information.  The Reply Brief should be stricken.

Some courts have declined to strike an objectionable brief under Fed. R. Civ. P. 12(f), on the theory that the Rule mentions "a pleading" and a brief is not a pleading.  See, e.g., Ely v. Dolgencorp, LLC, 827 F. Supp. 2d 872, 879  (E.D. Ark. 2011) ("Pleadings include complaints, answers to complaints, answers to counterclaims, answers to crossclaims, third-party complaints, answer to third-party complaints, and court-ordered replies to an answer.  Fed. R. Civ. P. 7(a). . . . Rule 12(f) does not extend to motions."); Lowrey v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999)).  These authorities are not binding here.  Moreover, as explained above, the Reply Brief resembles a pleading in that it improperly makes allegations of fact that do not appear elsewhere in the Record, while denying facts that do appear in the Record.  Striking the Reply Brief is the appropriate remedy for the misstatements shown herein.

## IV.  CONCLUSION

For the reasons set forth herein, the Reply Brief should be stricken.

Respectfully submitted,

/s/ Marianne Sawicki

MARIANNE SAWICKI
PA  313471
2530 Blair Avenue
Huntingdon, PA 16652
Phone:        (814) 644-6884
FAX:          (570) 523-3944
MarianneSawicki@verizon.net

Attorney for Jasper Rivera

Date:  March 29, 2013

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASPER RIVERA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:12- CV-1339 |
| | : | |
| v. | : | (Kosik, J.) |
| | : | (Carlson, M.J.) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2013, a true and correct copy

of the foregoing Plaintiff's Brief in Support of Motion to Strike Reply Brief was

served on the party below through the electronic case filing system of the Court.

Justin Blewitt
U.S. Attorney's Office
235 N. Washington Avenue
Scranton, PA 18503
*Counsel for Defendant*

/s/ Marianne Sawicki
MARIANNE SAWICKI
PA 313471
2530 Blair Avenue
Huntingdon, PA 16652
Phone:       (814) 644-6884
FAX:         (570) 523-3944
MarianneSawicki@verizon.net